B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Cinamour Entertainment, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**95-4815725** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**4607 Lakeview Canyon Road PMB 521**<br>**Westlake Village, CA**<br>ZIP Code **91361-4028** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | **1643 Cromwell Place**<br>**Westlake Village, CA 91361** |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

**Tax-Exempt Entity**
(Check box, if applicable)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ■ Debts are primarily business debts.

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(4/10)                                                                                                                 Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Cinamour Entertainment, LLC** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: **FMWL, LLC** | Case Number: | Date Filed: |
|---|---|---|
| District: **Central District of California, San Fernando Division** | Relationship: **affiliated entity** | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)

## Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**

**Cinamour Entertainment, LLC**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X** **/s/ Michael J. Ireland**
Signature of Attorney for Debtor(s)

**Michael J. Ireland 158747**
Printed Name of Attorney for Debtor(s)

**Ireland & Co.**
Firm Name

**1710 N. Moorpark Road #161**
**Thousand Oaks, CA 91360-5133**

_____
Address

**Email: MichaeL@MireLand.US**
**805-402-6957  Fax: 805-299-4578**
Telephone Number

**December 31, 2010          158747**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Cheryl L. Hartford**
Signature of Authorized Individual

**Cheryl L. Hartford**
Printed Name of Authorized Individual

**Administrator of Estate of Glen K. Hartford, Managing Member**
Title of Authorized Individual

**December 31, 2010**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# ACTION BY UNANIMOUS WRITTEN CONSENT OF MEMBERS OF CINAMOUR ENTERTAINMENT, LLC

The undersigned, being all the Members of Cinamour Entertainment, LLC, a California limited liability company (the **"Company"**), by its signature below or on a counterpart hereof, hereby unanimously adopt the following resolution(s) on behalf of the Company effective December 1. 2010:

## I.    DISSOLUTION THROUGH CHAPTER 7 BANKRUPTCY

WHEREAS, the vast majority of the Company's records, computers, and operating information where seized by law enforcement authorities in May 2009;

WHEREAS, Glen K. Hartford, the sole Managing Member and sole Member of the Company and the person who was the primary and key operator of the Company, died in May 2009;

WHEREAS, the Company cannot continue operations under these conditions, therefore

IT IS HEREBY RESOLVED THAT, the Company shall cease operations and liquidate and the Company shall file a Chapter 7 bankruptcy petition;

IT IS FURTHER RESOLVED THAT, CHERYL L. HARTFORD, Administrator of Estate of Glen K. Hartford, the Managing Member, is hereby authorized and directed to take all steps and complete and execute all documents necessary to file a Chapter 7 bankruptcy petition on the Company's behalf.

This Unanimous Written Consent may be executed in one or more counterparts, each of which shall be an original and all of which together shall be one and the same instrument. This written consent shall become a part of the records of the Company.

| Managing Member | Sole Member |
|---|---|
| /s/Cheryl L. Hartford | /s/Cheryl L. Hartford |
| Estate of Glen K. Hartford, by | Estate of Glen K. Hartford, by |
| Cheryl L. Hartford, Administrator of the Estate of Glen K. Hartford | Cheryl L. Hartford, Administrator of the Estate of Glen K. Hartford |

**ACTION BY UNANIMOUS WRITTEN CONSENT**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Michael J. Ireland**<br>**Ireland & Co.**<br>**1710 N. Moorpark Road #161**<br>**Thousand Oaks, CA 91360-5133**<br>**805-402-6957 Fax: 805-299-4578**<br>**158747**<br><br>☒ *Attorney for:* DEBTOR | |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |

| | |
|---|---|
| In re:<br><br>**Cinamour Entertainment, LLC**<br><br>                                        Debtor(s). | CASE NO.:<br>CHAPTER: **7**<br>ADV. NO.: |

## ELECTRONIC FILING DECLARATION
## (CORPORATION/PARTNERSHIP)

☒  Petition, statement of affairs, schedules or lists        Date Filed: **December , 2010**

☐  Amendments to the petition, statement of affairs, schedules or lists        Date Filed:

☒  Other:    Limited Scope Appearance; Resolution;        Date Filed: **December , 2010**

### PART I - DECLARATION OF AUTHORIZED SIGNATORY OF DEBTOR OR OTHER PARTY

I, the undersigned, hereby declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed hard copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

_____        **December 31, 2010**

*Signature of Authorized Signatory of Filing Party*        Date

**Cheryl L. Hartford, Administrator of Estate of Glen K.**
**Hartford, managing member of Cinamour Entertainment,**
**LLC**

*Printed Name of Authorized Signatory of Filing Party*


_____

*Title of Authorized Signatory of Filing Party*

### PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

I, the undersigned Attorney for the Filing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed the *Declaration of Authorized Signatory of Debtor or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration, the Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration, the Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document available for review upon request of the Court or other parties.

_____        December 26, 2010

*Signature of Attorney for Filing Party*        Date

**Michael J. Ireland 158747**

*Printed Name of Attorney for Filing Party*

---

*November 2006*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Michael J. Ireland**<br>**1710 N. Moorpark Road #161**<br>**Thousand Oaks, CA 91360-5133**<br>**805-402-6957 Fax: 805-299-4578**<br>California State Bar Number: **158747**<br><br>*Attorney for Debtor* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Cinamour Entertainment, LLC**<br><br><br><br><div align="right">Debtor(s),</div><div align="right">Plaintiff(s),</div><div align="right">Defendant(s).</div> | CASE NO.:<br><br>ADV. NO.:<br><br>CHAPTER:    **7** |
|---|---|

## Corporate Ownership Statement Pursuant to
## FRBP 1007(a)(1) and 7007.1, and LBR 1007-4

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I,    **Michael J. Ireland 158747** _____ , the undersigned in the above-captioned case, hereby declare
<div align="center">*(Print Name of Attorney or Declarant)*</div>

under penalty of perjury under the laws of the United States of America that the following is true and correct:

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.    I have personal knowledge of the matters set forth in this Statement because:

☐ I am the president or other officer or an authorized agent of the debtor corporation

☐ I am a party to an adversary proceeding

☐ I am a party to a contested matter

☑ I am the attorney for the debtor corporation

2.a.    ☑ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

See Addendum

b.    ☐ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

| **/s/ Michael J. Ireland** _____ | **December 31, 2010** _____ |
|---|---|
| Signature of Attorney or Declarant | Date |

**Michael J. Ireland 158747** _____

Printed Name of Attorney or Declarant

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2009                                                                                                                    **F 1007-4**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

| In re | | CHAPTER __7__ |
|---|---|---|
| **Cinamour Entertainment, LLC** | | CASE NUMBER |
| | Debtor. | |

# Addendum to Corporate Ownership Statement Pursuant to
# F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5

**The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:**

**Estate of Glen K. Hartford
4607 Lakeview Canyon Road PMB 521
Westlake Village, CA 91361-4028**

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   **FMWL, LLC filed concurrently herewith.**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   **None.**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   **None.**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   **None.**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Bloomington, Indiana**  , California.

Dated  **December 31, 2010**

**/s/ Cheryl L. Hartford**
**Cheryl L. Hartford**
*Debtor*

*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 1015-2.1**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Central District of California

In re **Cinamour Entertainment, LLC**                                  ,
                        Debtor

Case No. _____

Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A,
B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.
Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must
also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 19 | 125,717.94 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 654.35 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 10 | | 79,144.50 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 37 | | | |
| Total Assets | | | 125,717.94 | | |
| Total Liabilities | | | | 79,798.85 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Central District of California

In re    **Cinamour Entertainment, LLC**                                    ,    Case No. _____

Debtor

Chapter                              **7**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re   **Cinamour Entertainment, LLC**                                    ,          Case No. _____
                                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re __Cinamour Entertainment, LLC_____,      Case No. _____
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **National Bank of California (145 South Fairfax Avenue, Los Angeles, CA 90036-2106; and 14724 Ventura Blvd., Sherman Oaks, CA 91403; ABA #122039360) checking acct 003204804 and money market acct 003600750 and CD acct 200225** | - | **Unknown** |
| | | **City National Bank money market acct 022408119** | - | **Unknown** |
| | | **National Bank of California (From Mexico LLC) checking acct 003207072 and money market acct 003601145 and checking acct 003213412 AT LEAST $4,476 AS OF MARCH 2010** | - | **Unknown** |
| | | **City National Bank (FMWL, LLC or From Mexico LLC) money market acct 002269759** | - | **Unknown** |
| | | **Frost National Bank PO Box 1600 San Antonio, TX 78296 checking acct 520167606 and 520168505** | - | **Unknown** |
| | | **City National Bank (Ramm Films & Video, Inc.) checking acct 022109138 and money market acct 022115596** | - | **Unknown** |
| | | **National Bank of California (Ramm Films & Video, Inc.) checking acct 003205118 and money market 003600823** | - | **Unknown** |
| | | **National Bank of California (Under Red Water LLC) checking acct 003213447** | - | **Unknown** |
| | | **National Bank of California (Forbidden Samurai, LLC) checking acct 003204715** | - | **Unknown** |
| | | **City National Bank (Forbidden Samurai, LLC) checking acct 02269813** | - | **Unknown** |

Sub-Total >          **0.00**
(Total of this page)

__5__ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Cinamour Entertainment, LLC**                                                      ,      Case No. _____
                                             Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | City National Bank (Guru 2 go Productions, LLC) checking acct 002266210 | - | Unknown |
| | | City National Bank (29 Minutes Productions, LLC) checking acct #002266253 | - | Unknown |
| | | City National Bank (Midori Kaisha, Inc.) checking acct 022383205 | - | Unknown |
| | | California Bank and Trust (PO Box 489, Lawndale, CA 90260-0489) checking acct 3800153901 | - | Unknown |
| | | National Bank of California (FMWL, LLC) P&A fund 254-934-4 and loan acct 93064-30-00 | - | Unknown |
| | | National Bank of California (Palm Aspen Films II LLC) acct #321-436-2 | - | Unknown |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | security deposit with former landlord Woodrise-Encino c/o M. David Paul & Associates, 233 Wilshire Boulevard, Suite 990, Santa Monica, CA 90401 | - | 13,016.06 |
| | | Screen Actors Guild, Attn: Ruth Garbutt-Lewis, 5757 Wilshire Blvd., 7th Floor, Los Angeles, CA 90036  Tel 323-549-6882 Email RGLewis@sag.org | - | 62,701.88 |
| | | Possibly property of FMWL, LLC, which filed a concurrent petition in Chapter 7.  This deposit should be refunded.  SAG has requested a copy of the domestic and foreign distribution agreements, and the film's final budget. | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |

Sub-Total >      75,717.94
(Total of this page)

Sheet ___1___ of ___5___ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Cinamour Entertainment, LLC**                                        ,    Case No. _____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Unknown ownership interest in numerous film production companies (partial list in Statement of Financial Affairs question #18)** | - | Unknown |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Numerous outstanding contracts for payments due to Cinamour.  Removal and spoliation of records by FBI makes it impossible to identify and quantify these receivables.** | - | Unknown |
| | | **Payment due under contract from International Family Entertainment, Inc. for The Christmas Clause  3800 West Alameda Avenue, 20th Floor, Burbank, CA 91505/** | - | 50,000.00 |
| | | **SEE SCANNED DEAL MEMO FOLLOWING SCHEDULE B** | | |
| | | **SEE STATEMENT OF FINANCIAL AFFAIRS #6  RE: DIVERSION OF THIS ASSET** | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

                                                                        Sub-Total >        **50,000.00**
                                                                   (Total of this page)

Sheet   __2__   of   __5__   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Cinamour Entertainment, LLC**
_____ ,    Case No. _____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | **Unknown rights (including full ownership and/or distribution rights) in many completed films, including: From Mexico With Love; Endangered Species; The Christmas Clause; Silent Venom; Recoil; Nightfall; America's Toughest Bounty Hunters;** | **-** | **Unknown** |
| | | **Ownership of films (Saving the Endangered Species, Forbidden Warrior, From Mexico With Love, Halloween 4, Halloween 5, R.A.M.M., Dog Wars, White Sands Horses, etc.) in leased storage at Pacific Title Archives, 10717 Vanowen Street, North Hollywood, CA 91605** | **-** | **Unknown** |
| | | **Ownership of films and other property in leased storage location unit 360 at 7400 Coldwater Canyon Avenue, North Hollywood, CA 91605** | **-** | **Unknown** |
| | | **Film entitled "Standoff" allegedly "reacquired" by Adam Alleca for NO consideration June 2009 through counsel Kevin M. Kelly, Esq. at Gendler & Kelly, 450 North Roxbury Drive, Penthouse 1000, Beverly Hills, CA 90210** | **-** | **Unknown** |

Sub-Total >    **0.00**
(Total of this page)

Sheet __3__ of __5__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

B6B (Official Form 6B) (12/07) - Cont.

In re    **Cinamour Entertainment, LLC**                                                ,    Case No. _____
                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Film rights = managed by Image Entertainment, 20525 Nordhoff Street, Ste 200, Chatsworth, CA 91311 818-534-9253** | - | **Unknown** |
| | | **ownership of the following films Endangered Species (26 episodes of 24 minutes each); Iditarod ... A Far Distant Place (52 or 84 minute versions); Deadly Beauty: Snow's Secret Life (52 minutes); Animal Action with Eddie & Greg (13 episodes of 24 minutes each); Haunted Hotels (3 episodes of 60 minutes); IN PRODUCTION: Pregnancy for Dummies Mysteries of Stradivarius The Secret Life of .... Amabassadors of Whitewater Manhunt Stupid Crimes** | - | **Unknown** |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Sub-Total >          **0.00**
(Total of this page)

Sheet __4__ of __5__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Cinamour Entertainment, LLC**                                                  ,         Case No. _____
                                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 125,717.94 |

Sheet __5__ of __5__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

## DEAL MEMO

This deal memo ("Deal Memo") shall confirm the material deal points for the agreement to be dated as of February 3, 2009, between International Family Entertainment, Inc. ("IFE"), with a principal place of business at 3800 W. Alameda Avenue, 20th Floor, Burbank, California, 91505, and Cinamour ("Licensor"), with its principal place of business at _____, for the license by IFE of certain television program as set forth below:

| 1. Program: | The Christmas Clause |
|---|---|
| | Footage: If available, Licensor shall also deliver the DVD version and extra material and footage, contained therein, or in some other format, including but not limited to interviews, behind the scenes and making of footage, raw footage, EPK and B-Roll from the Program, that is cleared for television use (collectively the "Footage"). The Program and Footage shall collectively be referred to as the Program. |
| 2. Rights Granted: | Telecast of the Program on Non-standard Television on the Service, including all forms of subscription video-on-demand, wireless and internet exploitation. For purposes of this Deal Memo, "Non-standard Television" means all forms of television, except free broadcast television, now known or later devised (including, but not limited to, analog, digital, HDTV, and all forms of SVOD, and free-to-the-consumer, advertising-supported internet streaming) for reception by wired or wireless devices, including, but not limited to, handheld devices, using internet or other protocols and "Service" shall be defined as the television service(s) currently known as "ABC Family," "Disney Channel," "Toon Disney," "Disney XD" and "SOAPnet," which is and/or are owned in whole or in part and/or operated now or in the future by The Walt Disney Company, or a division, affiliate, or subsidiary thereof, including each of said Service's multiplex channels. Such Service may be advertiser supported and/or accept and disclose on-air program funding in the form of underwriting. In connection with the Rights Granted, IFE shall use commercially reasonable efforts to ensure that any distribution is geo-targeted towards the Territory and/or geo-blocked outside the Territory. IFE shall at all times ensure that it, as well as its licensees or sub-licensees, use robust, state of the art technical and security measures to ensure that the Program is not transmitted (in whole or in part) by any means to persons outside of the Territory and to prevent the unauthorized access to and transmission, copying, modification and/or distribution of the Program. |
| | IFE shall have the right to exhibit the Program on cruise vessels, airplanes, trains and other public venues via such venue's receipt of a simultaneous or near-simultaneous feed of the Service whereby the Service is made available for viewing, it being understood and agreed that the viewers (e.g., a passenger on an airplane) shall not be charged an a la carte fee to view the Service or Program alone; however, a so-called access fee (or similar fee) may be charged to the viewer to view a suite of channels among which the Service is included. |
| | For purposes of clarity, the foregoing Rights Granted to IFE shall not include home video rights of any kind (including, but not limited to, DVD and VHS) and video-on-demand ("VOD") rights of any kind (including, but not limited to, SVOD, electronic sell-through, download to own, download to burn and own, or download to rent), all of which such rights are expressly reserved by Licensor. Further and notwithstanding anything to the contrary contained herein, the foregoing Rights Granted shall not include free broadcast television rights of any kind, which such rights IFE understands and acknowledges have previously been granted to ION. |
| 3. Telecast Period: | December 5, 2011-December 31, 2014. 20 Exhibition Days. |

The The Christmas Clause-ACQ-Deal Memo-Cinamour-v4-04-10-09.doc

| 4. | **Linear Exhibition Days/Maximum Number of Telecasts in an Exhibition Day:** | Timeshifting of the Program among multiple feeds is considered a single run and timeshifted channels are deemed a single channel.

An Exhibition Day shall mean a maximum of two exhibitions within a 24 hour period. Different feeds of the same channel (e.g., East Coast feed and West Coast Feed) shall constitute a single channel for the purpose of calculating Exhibition Days.

IFE shall have an unlimited number of exhibitions of the Program in respect of its internet streaming rights on any websites which are branded ABC Family (or any related or affiliated company websites) ("ABC Alternate Platforms") and the License Fee in paragraph 8 is inclusive of residuals, if any, in connection with the exploitation of the Program on the ABC Alternate Platforms. |
| 5. | **Exclusivity:** | Except as expressly set forth below, during the Telecast Period in the Territory, IFE's rights shall be exclusive in all forms of television and the Internet.

Notwithstanding the foregoing, Licensor may exploit the Program via traditional home video (i.e. VHS, DVD), transactional consumer-fee-based Internet EST and Internet or television E-Rental and VOD (NVOD rights shall be frozen) at industry standard rates as opposed to free (or near free) offerings.

Further notwithstanding anything to the contrary contained in this Deal Memo, during the period December 5, 2011 through December 5, 2012, the Rights Granted IFE shall be non-exclusive as against ION's Program Service. ION's "Program Service" shall be defined as the linear television program distribution system owned and operated by ION (including multiplex and multicast channels thereof), which is comprised of the television stations owned, controlled by or affiliated with ION (and the distribution systems comprising the analog and/or digital spectrum thereof) and/or local origination cable casting, distributed by one or more multiple intra-time zone feeds over any or all of the following methods or outlets to the homes: over the air free broadcast television stations; multi-channel, multi-point distribution systems, local/regional cable channels, cable and direct broadcast satellite television, internet protocol television ("IPTV") (including without limitation FioS and UVerse); multicast channels, technologies, and/or devices which are simultaneously transmitted to at the same time (not on-demand) within the broadcast feeds or digital broadcast spectrum delivery of ION's Program Service, broadband DSL, ADSL and other multichannel video programming distribution systems that are owned and/or operated by a cable operator, telephone company, SMATV, MDS, MMDS, direct broadcast satellite service distributor or other "multichannel video programming distributor" (as that term is defined in 47 C.F.R. § 76.1000) (each, an "MVPD"). |
| 6. | **Territory:** | The United States of America, its commonwealths, territories, possessions and protectorates, including, but not limited to, Puerto Rico (on a non-exclusive basis), Bermuda and all U.S. embassies, military bases and vessels (including those in foreign countries). |
| 7. | **Languages:** | English and Spanish, including all music lyrics. |
| 8. | **License Fee:** | $250,000 |
| 9. | **Payment Schedule:** | $50,000 upon the later of (a) execution of this agreement or, (b) delivery to Licensee as set forth in section 11 below with the remainder of the License Fee payable in equal, quarterly installments commencing on the first Exhibition Day. |

| 10. Advertising/<br>Promotional Rights: | IFE shall have the right to (i) advertise the Program commencing 120 days prior to the Telecast Period for institutional advertising (i.e. advertising intended to create goodwill and prestige, but not for the purpose of selling any specific product or service); (ii) advertise the Program commencing 30 days prior to the Telecast Period for the purpose of promoting the Program; and (iii) re-synchronize music from the Program, in all advertisements of the Program, on an "in-context" basis. IFE shall also have the right to display title graphics, "snipes," "swipes," and/or other promotional information whether or not related to the Program during the telecast and/or over the content of the Program.  IFE's "out of context" music rights (i.e., solely for use in promoting the Program) shall be limited to those songs for which Licensor owns, controls or otherwise possesses such rights.  IFE shall notify Licensor on a case-by-case basis of the specific songs it intends to use on an "out of context" basis, and Licensor shall promptly advise IFE, in writing, of whether it has the "out of context" rights for the relevant songs.  If Licensor does own, control or otherwise possess such rights, then IFE's "out of context" rights for such songs shall be automatically triggered upon IFE's receipt of written notice from Licensor that it has such rights.  For the avoidance of doubt, IFE shall have the right to advertise the Program via any wireless, handheld or internet delivery system during IFE's Exclusivity period as set out in section 6 above. |
| --- | --- |
| 11. Delivery Materials: | The License Fee for the Programming includes the costs of all delivery materials for the Programming, which delivery materials are set forth in the attached Schedule A. Delivery materials for the Programming shall be delivered at least one hundred and ninety (90) days prior to commencement of the Telecast Period. |
| 12. Standards & Practices and Technical Quality | IFE's payment obligation for the Program is subject to the Program being received and satisfying IFE's standards & practices and technical quality policies, or being actually exhibited by IFE. |
| 13. Editing | Subject to guild and contractual restrictions of which Licensor notifies IFE, in writing, as soon as reasonably practicable but in no event later than ninety (90) days prior to the start of IFE's Telecast Period for the Program, IFE shall have the right to edit the Program to meet governmental compliance and IFE's standard and practices, formatting, technical quality and other programming needs, at IFE's cost (at IFE's cost only if Licensor pays for the cost of delivery and the cost of the master of the Program).  Additionally, subject to Licensor's advance written approval, which shall not be unreasonably withheld, IFE shall have the right to change the title of the Program and to advertise and promote the Program using the newly approved title. |
| 14. Music Rights | Licensor represents and warrants that the synchronization, performance and in context and, if available, out of context rights for the music contained in the Program and any and all other music rights necessary for IFE to fully exploit its rights hereunder have been obtained and are hereby granted, and IFE or its affiliates will not be required to make any payment with respect thereto as a result of its exploitation of the Program as provided herein.  With respect to each musical composition contained in the Program, Licensor warrants that the non-dramatic performing rights are either: (a) available for license through ASCAP, BMI or SESAC (collectively, the "Performing Rights Society"); (b) in the public domain, or (c) controlled by Licensor to the extent necessary to permit the exploitation of IFE's rights hereunder without payment to any other person, firm or corporation.  Licensor shall submit to IFE cue sheets of the Program with information as to whether the music in the Program is listed by any Performing Rights Society and identifying same, or the distributor, or in the public domain, and IFE shall be solely responsible for the payment of any performance fees required in connection with IFE's exercise of its rights in the Program hereunder to the extent, if any, such rights are included in (a) above. |

-3-

| 15. **Licensor Representations and Warranties** | Licensor warrants, represents and covenants with respect to the Program that: |
|---|---|

Licensor warrants, represents and covenants with respect to the Program that:

(A) It owns or controls all rights granted to IFE hereunder (including, without limitation, all intellectual property rights), and owns, controls and has the exclusive right to exploit, exhibit, license, publicize, and reproduce (including, without limitation, any mechanical, synchronization, and in-context rights required for the reproduction of music) the Program in the manner and form authorized in this Deal Memo and for which it is authorizing IFE. Moreover, Licensor has not and will not grant any rights inconsistent with the rights granted IFE or the restrictions imposed upon Licensor hereunder, and has not and will not fail to take any action by which any of the rights granted herein have been or may be materially impaired in any way;

(B) Prior to the commencement of the Telecast Period, Licensor shall register, or cause to be registered, the copyright in the Program with the United States Copyright office;

(C) The Program, and any advertising, publicity or other materials supplied by Licensor in connection therewith, will not contain any material which is libelous, slanderous, obscene or defamatory, and will not, when exhibited pursuant hereto, violate, infringe upon, or give rise to any adverse claim with respect to, any common-law or other right (including, without limitation, any copyright, trademark, service mark, literary, dramatic or motion picture right, right of privacy or publicity or contract right) of any person, firm or corporation, or violate any law;

(D) As between IFE and Licensor, Licensor shall be solely and completely responsible for obtaining any and all consents from the producer or other relevant third parties, necessary for Licensor to convey to IFE the rights granted hereunder; and, Licensor shall additionally be responsible for making any and all payments of residuals, reuse fees, royalties or participations to anyone or any entity or organization appearing in, involved in or having any ownership interest in any element of the Program, and IFE shall not be responsible for obtaining such consents or making such payments;

(E) To the extent that Licensor has not directly obtained any of the consents or made any of the payments contemplated above when such have become due and payable, Licensor warrants and represents that the Program producer has represented and warranted to Licensor that the producer has obtained all required consents and therefore Licensor has full authority and ability to enter into and perform under this Deal Memo, and that in the event that the producer breaches its warranties and representations to Licensor, Licensor shall indemnify, defend and forever hold IFE and its officers, directors, employees and agents harmless against and from any and all third party claims, lawsuits, costs, liabilities, judgments, damages, and expenses (including, without limitation, reasonable outside attorneys' fees) arising out of any breach by the producer, Licensor and/or any third party of any provision of this Deal Memo;

(F) To the best of Licensor's knowledge, in the production and making of the Program, and any and all Licensor provided materials, including but not limited to advertising and promotional materials, all applicable collective bargaining agreements and all applicable rules and regulations of any unions having jurisdiction were complied with; all persons who performed services in or in connection with the Program received full payment with respect thereto and with respect to the carriage and exhibition thereof provided in this Deal Memo; and no fee, compensation or any other payment whatsoever (including but not limited to residuals and reuse fees but with the limited exceptions of music performance royalties payable to ASCAP, BMI, SESAC or other applicable performing rights society in connection with the exhibition of the Program, if any, and any compensation associated with the IFE Produced Footage, if any) will ever be payable by IFE, nor any distribution system or service with which IFE does business, to any producer, director, actor, writer or any other person, firm, corporation or entity who performed services in or in connection with the Program by reason of the use thereof as provided in this Deal Memo;

| 16. IFE Representations and Warranties | IFE warrants, represents and covenants with respect to the Program that: |
|---|---|
|  | (A) IFE is a corporation duly formed and validly existing in good standing under the laws of the state of California and has the full right, power, legal capacity and authority to enter into and fully perform this Agreement; |
|  | (B) The execution, delivery and performance hereof are not in contravention of law or of any indenture, agreement, or undertaking to which it is a party or by which it is bound and the same are within its corporate powers, have been duly authorized and are not in contravention of its charter, bylaws or other incorporation papers; |
|  | (C) IFE will honor all guild and pre-existing contractual restrictions, on the exercise of the rights granted, that Licensor provides to IFE, in writing at least Forty-Five (45) days prior to IFE's Telecast Period start date; |
|  | (D) IFE shall exploit the rights granted herein in compliance with all applicable laws and government regulations; |
|  | (E) IFE will not exploit any rights not specifically licensed to IFE in this Deal Memo, nor shall IFE exploit the Program outside of the Territory or before or after the Telecast period, unless otherwise specified herein or in a separate written license; |
|  | (F) Each and every one of the representations and warranties made by IFE and Licensor herein shall survive the Term and shall continue in full force and effect after expiration or termination of this Deal Memo whether by operation of law or otherwise. |

| 17. Indemnification · | (A) Licensor agrees to indemnify, defend and hold IFE, its parent, affiliates, subsidiaries and each of their directors, officers, employees, agents, licensees, distributors, successors and permitted assigns, harmless from and against any and all third party claims, damages, liabilities, costs and expenses, including but not limited to reasonable outside counsel fees and expenses: (i) relating to the Program or arising from the exhibition, use or exploitation of the Program by IFE as contemplated or authorized hereunder, (ii) arising from any promotional use of the Program, names, licenses or promotional materials in any manner and in any media as contemplated or authorized in this Deal Memo, (iii) arising from any breach by Licensor of any of its obligations, covenants, agreements, warranties or representations contained herein, with the exception of claims for which IFE is obligated to indemnify Licensor as set forth in subparagraph (B) below, (iv) arising from Licensor's use or distribution, or authorization to others to use or distribute any of the IFE Produced Footage; or (v) arising from Licensor's and/or producer's failure to obtain all necessary consents and make all necessary payments as contemplated in sections 15 (D) and (E) of the Licensor's representation and warranty provisions herein above.<br><br>(B) IFE agrees to indemnify, defend and hold Licensor, its parent, affiliates, subsidiaries and each of their directors, officers, employees, agents, licensees, distributors, successors and permitted assigns, harmless from and against any and all third party claims, liability, damages, costs and expenses including, but not limited to reasonable outside counsel fees and expenses: (i) arising from IFE's breach or alleged breach of any of its obligations, covenants, agreements, representations or warranties contained herein, with the exception of claims for which Licensor is obligated to indemnify IFE as set forth in subparagraph (A) above; or (ii) arising from IFE's creation, use or exploitation of the IFE Produced Footage, including without limitation those relating to IFE's failure to clear the IFE Produced Footage or make requisite payments therefor in a manner sufficient to allow IFE's use of such footage pursuant to the terms of this Agreement, unless such claim arises out of: (a) a violation of a restriction(s) agreed upon by Licensor with a third-party or applicable guild in connection with the Program, about which Licensor failed to notify IFE in writing on or before delivery of materials for the Program; or (b) a violation of some Licensor obligation to act or refrain from acting in connection with the Program about which Licensor failed to timely notify IFE in writing on or before delivery of the Program materials. |
| 18. Assignment | This Deal Memo may be assigned by either party hereto, without the consent of the other party, to a party's parent, subsidiary or affiliated company or to a company with which it may be merged or consolidated or which acquires all or substantially all of such party's assets or to any entity resulting from a corporate separation, reorganization or restructuring of any affiliated company; provided, however, that the assigning party remains secondarily liable with respect to its obligations herein. No such assignment shall be effective until any such assignee shall expressly assume in writing all of the assigning party's obligations hereunder. |
| 19.        **Press** Announcement | All press announcements shall be mutually approved by and coordinated through the respective press and public affairs areas of Licensor and IFE. |

| 20. Notice | Unless notified otherwise in writing, all notices shall be in writing and shall be delivered personally , or by registered mail, postage prepaid, or by facsimile, and shall be addressed as follows:<br><br>In the case of Licensor:<br><br>Cinamour Entertainment, LLC<br>16130 Ventura Blvd., Suite 550<br>Encino, CA 91436<br>Attn:_____<br><br><br><br>In the case or Licensee:<br><br>International Family Entertainment, Inc.<br>3800 W. Alameda Avenue<br>20th Floor,<br>Burbank, California, 91505<br>Attn: Business Affairs<br>Fax: 818-569-3106 |
| 21. Long-form Agreement: | Licensor and IFE acknowledge that this Deal Memo is made in contemplation of the parties subsequently executing a separate, more formal and complete long-form written agreement incorporating the terms set forth herein, as well as additional terms and conditions customary in agreements of this type to be mutually negotiated in good faith by the parties (the "Long-form Agreement"). The parties further acknowledge that until such time as the Long-form Agreement is fully executed, this Deal Memo shall constitute a firm and binding agreement. |

ACCEPTED AND AGREED:
CINAMOUR
("Licensor")

By: _____

Name: Glen Hartford

Title: Chairman / CEO

ACCEPTED AND AGREED:
INTERNATIONAL FAMILY ENTERTAINMENT, INC.
("IFE")

By: Thomas J. Zappala

Name: Thomas J. Zappala
      Senior Vice President
Title: International Family
       Entertainment, Inc.

The The Christmas Clause-ACQ-Deal Memo-Cinamour-v4-04-10-09.doc

## **NOTE FROM DEBTOR'S BANKRUPTCY COUNSEL**

The version of this document that is in Debtor's records is NOT double sided and is NOT an original.

The version in Debtor's records is missing the even pages from the attachments (labeled "Schedule A" and "Exhibit B").

## DELIVERY REQUIREMENTS/TECHNICAL SPECIFICATIONS
### DOMESTIC ACQUISITION
#### Disney ABC Cable Networks Group

# *CHRISTMAS CLAUSE*

Cinamour

as of February 3, 2009

Delivery with respect to the Program(s) listed in the Main Agreement shall consist of delivery of the items set forth herein ("Delivery Items") and any audio/visual items delivered shall meet with Disney ABC Cable Networks Group's technical specifications, or that of its affiliates or subsidiaries, as applicable. Questions regarding technical specifications may be directed to either Jennifer Surabian (818)955-7439 or Jennifer.Surabian@disney.com; Tony Simon (818)569-7651 or Anthony.Simon@disney.com; or John Sheehe (818)569-7999 or John.Sheehe@disney.com

## A. AUDIO/VISUAL MATERIALS

### See page 2 for detailed list of materials, descriptions and specifications

1.   Two (2) Closed Captioned, non-varisped (non-time compressed or expanded) HDCAM SR 16X9 (1.78) Masters (final cut – 4:3 center cut extractable). Letterbox or pillarbox composition cannot be used without prior approval from Disney ABC Cable Networks Group.

   **Note:** Two (2) Closed Captioned Digital Betacam Mixed Audio 4x3 (1.33) masters (final cut – NTSC) with drop frame timecode will also need to be supplied in the event the HDCAM SR Master is not 4:3 center cut extractable. Other than aspect ratio and audio configuration, the Digital Betacam masters must be identical to the HDCAM SR master.

2.   One (1) Digital Betacam Split Track Audio Master (final cut)
3.   One (1) CD / DVD or DigiDelivery Audio Master (final cut – split track)
4.   Four (4) DVD Screeners (final cut without window code)
5.   Four (4) DVD Screeners (final cut with window code)
6.   One (1) Closed Caption File (e-file)
7.   One (1) Raw Behind-the-Scenes Footage/B Roll
8.   One (1) DVD/CD/DAT of Musical Score (split track)
9.   One (1) Electronic Press Kit (Digital Betacam NTSC)

## B. PAPER MATERIALS (deliver via e-file unless otherwise indicated)

### See page 8 for detailed list of materials, descriptions and specifications

1.   Program Timing Sheets
2.   Synopsis or Logline
3.   As-Recorded Final Script
4.   Final Main & End Screen Credits
5.   Credit Statement and/or Advertising/Editing Restrictions
6.   Music Cue Sheets
7.   Hi-Resolution Images or Photos (CD/DVD)
8.   Digital Artwork/Animation/Key Art/Poster Art (CD/DVD)
9.   Certificate of E&O Insurance

### For a Television Series, also deliver item #10:

10.   Episode Titles with Episode Numbers

Disney ABC Cable Networks Group
Delivery Requirements/Technical Specifications
Domestic Acquisition
"CHRISTMAS CLAUSE"
Cinamour

- Masters must contain continuous SMPTE drop-frame timecode beginning at 1:00:00:00 at the start of the program material to a point at least 90 seconds past the program material. In the case of Features which, due to their length require more than one reel of videotape, the SMPTE drop-frame timecode must be continuous on each reel and include a :30 overlap on the second reel. Timecode from one reel of a particular title may not be the same as that on any other reel of that title, except on the overlap.

- Commercial break slots, bumpers, etc. will be removed from the program and must be edited with :01 (1 second) of black in between with no audio.

- Each reel of videotape shall adhere to the following head, program and tail format:
  a. Tape wrap prior to bars – one minute minimum
  b. SMPTE reference bars and 1K tone (57:50:00 to 58:50:00)
  c. Black set at 0 mV (00:58:50:00 to 00:59:45:00)
  d. Slate: 10 seconds in length (59:45:00 to 59:55:00)
  e. Black set at 0 mV (00:59:55:00 to 00:59:59:29)
  f. Program first audio/video (1:00:00:00)
  g. Black (:60 seconds in length) after final program
  h. Textless material and/or bumpers (if available)
  i. Black (:30 seconds in length following end of program)

- **HD Program will conform to the following video specifications:**

First Active Line           Line 26
Last Active Line            Line 745
Maximum Luminance      714mV
Picture Black               0mV
Color Display              SMPTE 274/ITU 709

- **HD Program will conform to the following audio specifications:**

HD programming will be mixed in both 5.1 and left-total, right-total (LTRT) stereo, with mono capability. Delivery of HD programming without 5.1 audio mixes must have prior approval of the Senior Vice President of Acquisitions for Disney ABC Television Group. The 5.1 must comply with the Dolby 5.1 Channel Guidelines, with the following track configuration:

Ch. 1  -  Left
Ch. 2  -  Right
Ch. 3  -  Center
Ch. 4  -  LFE (Subwoofer)
Ch. 5  -  Left Surround
Ch. 6  -  Right Surround
Ch. 7 -  Stereo English Left
Ch. 8 -  Stereo English Right
Ch. 9  -  Neutral Spanish mix (stereo left, if available)
Ch. 10 – Neutral Spanish mix (stereo right, if available)
Ch. 11 – Stereo Music & Effects
Ch. 12 - Stereo Music & Effects

Case 1:11-bk-11799-GM   Doc 1   Filed 02/11/11   Entered 02/11/11 12:37:53   Desc
Disney ABC Cable Networks Group   Main Document        Page 28 of 71
Delivery Requirements/Technical Specifications
Domestic Acquisition
"CHRISTMAS CLAUSE"
Cinamour

## SD SPECIFICATIONS

### Two (2) NTSC, Digital Betacam Mixed 4 x 3 Masters (final cut)

- Two (2) NTSC closed captioned Digital Betacam, non-varisped (non-time compressed or expanded) videotape. All programs running 120:00 or less, must be tied onto one videotape. Only Sony or Fuji stock will be accepted although Fuji is preferred. Digital Betacam masters must contain identical edits and/or formatting to match exactly the HDCAM SR masters.

- Standard definition masters must be delivered in 4x3 (1.33) full screen ratio. Aspect ratios other than full frame 4x3 i.e. letterbox, pillarbox, cannot be delivered without prior approval from the Senior Vice President of Acquisitions for Disney ABC Cable Networks Group.

- The tapes will contain continuous SMPTE drop-frame timecode (both longitudinal and vertical interval timecode) beginning at 1:00:00:00 at the start of the program material to a point at least 30 seconds past the program material. VITC must be on lines 16 and 18. In the case of Features which, due to their length require more than one reel of videotape, the SMPTE drop-frame timecode must be continuous on each reel. Include a two minute overlap on the second reel. No timecode from one reel of a particular title or episode master may be the same as that on any other reel of that title.

- If the program contains commercial break slots, bumpers, etc. then all should be removed from the program and must be edited with :01 (1 second) of black in between with no audio.

- Each reel of videotape shall contain the following head specific record format:
    a. Tape wrap prior to bars – one minute minimum
    b. SMPTE reference bars and 1K tone – Black level set @ 7.5 IRE (57:50:00 to 58:50:00)
    c. Black set at 7.5 IRE (00:58:50:00 to 00:59:45:00)
    d. Slate:  10 seconds in length (59:45:00 to 59:55:00)
    e. Black set at 7.5 IRE (00:59:55:00 to 00:59:59:00)
    f. Program first audio/video (1:00:00:00)
    g. Pulled up commercial blacks
    h. Black (:60 seconds in length) after final program
    i. Textless material and/or bumpers (if available)
    j. Black (:90 seconds in length following end of program)

- **SD Program will conform to the following video specifications:**

| SPECIFICATION | NTSC |
| --- | --- |
| Luminance Level Max | 100 IRE |
| Comb. Chroma & Luminance Max | 115 IRE |
| Comb. Chroma & Luminance Min | -20 IRE |
| Set-Up | 7.5 IRE+/-1 IRE |
| Horizontal Blanking | 10.5-11.2 µsec |
| Vertical Blanking | 19-21 Lines |
| VITC | Lines 16 and 18 |
| Reference Tone | 0 VU or -20db on full digital scale |
| Audio Peaks | Not to exceed +12db above reference |

Delivery Requirements/Technical Specifications
Domestic Acquisition
*"CHRISTMAS CLAUSE"*
Cinamour

7. **One (1) Raw Behind-the-Scenes Footage/B Roll**
   Should include footage of interviews, commentaries, the making of, etc.

8. **One (1) DVD/CD/DAT Master of Musical Score – Split track main title only**
   Format: 48kHz / 16 bit

9. **One (1) Electronic Press Kit - (Digital Betacam EPK)**

Case 1:11-bk-11799-GM   Doc 1   Filed 02/11/11   Entered 02/11/11 12:37:53   Desc
Disney ABC Cable Networks Group   Main Document         Page 30 of 71
Delivery Requirements/Technical Specifications
Domestic Acquisition
"CHRISTMAS CLAUSE"
Cinamour

8.     **Digital Artwork/Animation/Key Art/Poster Art (CD or DVD disk)**

9.     **Certificate of E&O Insurance (e-file)**

Evidence of Errors and Omissions coverage which shall designate licensor as named insured and shall incorporate the following:

a. Licensee, its parent, subsidiaries and affiliated companies, and the officers, directors, employees, and agents of each of them, will be included as additional insureds.
b. The policy shall commence upon the start of the earlier of: (i) the availability of the first program (or portion thereof) under the License Agreement for advertising, publicity, promotions, or (ii) the term of the agreement for the Property, and shall remain in force for a period of not less than three (3) years therefrom.  Such policy shall be renewed as necessary in accordance with the insurance requirements of the long form License Agreement.
c. Provide evidence that the premium for such policy has been paid in full.
d. The policy shall be issued by a nationally recognized insurance carrier acceptable to licensee with minimum limits of Five Million Dollars ($5,000,000 (USD) for any claim arising out of a single occurrence and Five Million Dollars ($5,000,000) (USD) for all claims in the aggregate.
e. The policy shall have no exclusions and no deductible larger than Twenty-Five Thousand Dollars ($25,000) (USD).
f. The certificate shall provide that such insurance shall be deemed primary insurance and that any insurance obtained by licensee shall be excess insurance not subject to exposure until licensors insurance coverage shall be exhausted.
g. Errors and Omissions coverage shall specifically include title coverage for the picture as it will be delivered by Licensor.
h. Insurance may not be modified, revised, or canceled without 30 days prior notice to licensee.

#### For a Television Series, also deliver item #10:

10.    Episode Titles with Episode Numbers (e-file)

B6D (Official Form 6D) (12/07)

In re **Cinamour Entertainment, LLC**                                                    Case No. _____
                                                    ,
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxx xxxxxxx xxxd #550** | | | **Possessory Security Interest** | | | | | |
| **Woodrise-Encino** c/o M. David Paul & Associates 233 Wilshire Boulevard, Suite 990 Santa Monica, CA 90401 | - | | **security deposit** | | | | | |
| | | | Value $              **13,016.16** | | | | **Unknown** | **Unknown** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

__0__   continuation sheets attached

| | Subtotal (Total of this page) | **0.00** | **0.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **0.00** | **0.00** |

B6E (Official Form 6E) (4/10)

In re  **Cinamour Entertainment, LLC**
_____,    Case No. _____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

**2**    continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re __Cinamour Entertainment, LLC_____,    Case No. _____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **Cinamour**<br><br>**California EDD - Disability Claim**<br>**PO Box 513096**<br>**Los Angeles, CA 90051-1096** | - | | **Claim for disability** | | | | **Unknown** | **Unknown** | **Unknown** |
| Account No.<br><br>**California Employment Dev. Dept.**<br>**PO Box 7293**<br>**San Francisco, CA 94120-7293** | - | | **payroll taxes, unemployment claims** | | | | **Unknown** | **Unknown** | **Unknown** |
| Account No. **xxxx xxxxxxxx0029**<br><br>**Franchise Tax Board**<br>**Bankruptcy Unit**<br>**PO Box 2952**<br>**Sacramento, CA 95812-2952** | - | | **Taxes** | | | | **Unknown** | **Unknown** | **Unknown** |
| Account No.<br><br>**Internal Revenue Service**<br>**PO Box 21126**<br>**Philadelphia, PA 19114** | - | | **Taxes** | | | | **Unknown** | **Unknown** | **Unknown** |
| Account No. **xxxxxxxxxx-001-1**<br><br>**Los Angeles City Business Tax**<br>**PO Box 53200**<br>**Los Angeles, CA 90053-0200** | - | | **Taxes** | | | | **Unknown** | **Unknown** | **Unknown** |

Sheet __1__ of __2__ continuation sheets attached to     Subtotal     0.00
Schedule of Creditors Holding Unsecured Priority Claims     (Total of this page)     0.00          0.00

B6E (Official Form 6E) (4/10) - Cont.

In re  **Cinamour Entertainment, LLC**                                    ,     Case No. _____
                                    Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Cinamour**<br><br>**Los Angeles City Unsecured Ppty Tax**<br>**225 North Hill Street, Room 122**<br>**Los Angeles, CA 90012** | - | | **2009**<br><br>**Taxes** | | | | 654.35 | 0.00<br><br>654.35 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet _2___ of _2___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

|  | Subtotal (Total of this page) | 0.00 | |
|---|---|---|---|
|  | | 654.35 | 654.35 |
|  | Total (Report on Summary of Schedules) | 0.00 | |
|  | | 654.35 | 654.35 |

B6F (Official Form 6F) (12/07)

In re __Cinamour Entertainment, LLC_____,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J | C | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. xxxxEN24 **Absolute Messenger Service** **PO Box 4534** **West Hills, CA 91308** | - | | | | **Services** | | | | 524.13 |
| Account No. xx-xxxxxx91-06 **AFCO** **1000 Milwaukee Avenue** **Glenview, IL 60025** | - | | | | **Insurance** | | | | 2,809.00 |
| Account No. xxx2832 **AireSpring** **PO Box 7420** **Van Nuys, CA 91409-7420** | - | | | | **Utility Service** | | | | 736.00 |
| Account No. xxxt 360 **All Aboard Mini Storage** **7400 Coldwater Canyon Avenue** **North Hollywood, CA 91605** | - | | | | **Lease payments due** | | | | 2,463.80 |

| | | |
|---|---|---|
| __9__ continuation sheets attached | Subtotal (Total of this page) | 6,532.93 |

B6F (Official Form 6F) (12/07) - Cont.

In re **Cinamour Entertainment, LLC** , Case No. _____
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxx-xxx-xxxx/xxx-xxx-7263** | | | | | | | | |
| **AT&T** **PO Box 78230** **San Francisco, CA 94107** | - | | | | | | | **Unknown** |
| Account No. **xxx xxxxx0073** | | | | | | | | |
| **AT&T Long Distance** **PO Box 5020** **Des Plaines, IL 60017-5020** | - | | | | | | | **Unknown** |
| Account No. **xxxx2975** | | | | **2009** **Utility Service** | | | | |
| **AT&T West c/o Alliant Law Group PC** **PO Box 468569** **Atlanta, GA 31146** | - | | | | | | | **573.17** |
| Account No. **xxxx3310** | | | | **2009** **Professional Services** | | | | |
| **Baker & McKenzie** **2300 Trammell Crow Center** **2001 Ross Avenue** **Dallas, TX 75201** | - | | | | | | | **9,488.98** |
| Account No. **Cinamour** | | | | **Services** | | | | |
| **California Choice** **721 South Parker Ste 200** **Orange, CA 92868** | - | | | | | | | **9,183.50** |

Sheet no. **1** of **9** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **19,245.65**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Cinamour Entertainment, LLC**                                    ,   Case No. _____
                                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxx0755**<br><br>**Canon Business Solutions**<br>**300 Commerce Square Blvd**<br>**Burlington, NJ 08016** | - | | | Services | | | | Unknown |
| Account No. **xx4309**<br><br>**Canon Financial Services, Inc.**<br>**14904 Collections Center Drive**<br>**Chicago, IL 60693-0149** | - | | | Lease payments due | | | | Unknown |
| Account No. **Cinamour**<br><br>**ColorTrend**<br>**15303 Ventura Blvd #150**<br>**Sherman Oaks, CA 91403** | - | | | Services | | | | Unknown |
| Account No. **Cinamour/Red Water**<br><br>**Connie Hurd**<br>**4489 North Wasserman Way**<br>**Salina, KS 67401** | - | | | 2007<br>Investment in Red Water | | | | Unknown |
| Account No. **Cinamour**<br><br>**Cord Douglas**<br>**20501 Ventura Blvd Ste 100**<br>**Woodland Hills, CA 91364** | - | | | 310-435-7307<br>various employee, insider matters | | | | Unknown |

Sheet no. __2__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **0.00**

B6F (Official Form 6F) (12/07) - Cont.

In re __**Cinamour Entertainment, LLC**_____,     Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. **Cinamour**<br><br>**Database-LA.com**<br>**5516 Cantaloupe Ave**<br>**Van Nuys, CA 91401** | - | | | **5/2009**<br>**Services** | | | | **75.00** |
| Account No.<br><br>**David L. Jensen, Esq.**<br>**1643 Cromwell Place**<br>**Westlake Village, CA 91361** | - | | | **2009-2010**<br>**Counsel to Estate of Glen Hartford** | | | | **Unknown** |
| Account No. **Cinamour**<br><br>**DDA Public Relations LTD**<br>**Attn Stelios Papakalousis**<br>**192-198 Vauxhall Bridge Road**<br>**London, England SW1V 1DX** | - | | | **May 2009**<br>**Hotel rental** | | | | **Unknown** |
| Account No. **Cinamour**<br><br>**Digital Post Services**<br>**2044 Cotner Avenue**<br>**Los Angeles, CA 90025** | - | | | **Services** | | | | **10,000.00** |
| Account No.<br><br>**Digital Proof Service**<br>**712 Seward Street**<br>**Los Angeles, CA 90038** | - | | | **Trade debt** | | | | **8,579.71** |

Sheet no. __**3**__ of __**9**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**18,654.71**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Cinamour Entertainment, LLC**                                      ,      Case No. _____
                                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. | | - | | investments in Cinamour | | | | |
| Doug Price 6700 Bonature Court Bethesda, MD 20817 | | | | | | | | **Unknown** |
| Account No. **Cinamour** | | - | | 2009 Professional services as counsel to Cinamour | | | | |
| Elsa Ramo, Esq. 315 South Beverly Drive, Suite 508 Beverly Hills, CA 90212 | | | | | | | | **5,280.88** |
| Account No. **xx-xxV585** | | - | | 2009 | | | | |
| Emap Ltd. PO Box 64724 Greater London House Hampstead Road London NW1 7EJ, UK | | | | | | | | **2,200.00** |
| Account No. **Cinamour** | | - | | reimbursements due | | | | |
| Eric Von Doymi 1073 Mansfield AVe Los Angeles, CA 90019 | | | | | | | | **802.00** |
| Account No. **xxxx-x434-0** | | - | | Services | | | | |
| FedEx PO Box 7221 Pasadena, CA 91109-7321 | | | | | | | | **Unknown** |

Sheet no. __4___ of __9___ sheets attached to Schedule of                                    Subtotal              **8,282.88**
Creditors Holding Unsecured Nonpriority Claims                                          (Total of this page)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re __Cinamour Entertainment, LLC_____,     Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Film Look, Inc.**<br>**2917 West Olive Avenue**<br>**Burbank, CA 91505-4536** | - | | **Services** | | | | 2,541.40 |
| Account No. **Giovanniello/Cinamour**<br><br>**Final Print**<br>**1952 N. Van Ness Avenue**<br>**Los Angeles, CA 90068** | - | | **Services** | | | | 850.00 |
| Account No. **Cinamour**<br><br>**Jabal S.R.I.**<br>**Via della Balduina**<br>**120-00136 Roma, Italy** | - | | **2009-2010**<br>**unknown** | | | | Unknown |
| Account No. **Pascucci v. Cinamour**<br><br>**James & Christel Pascucci**<br>**c/o Martin D. Katz, Esq.**<br>**1901 Avenue of the Stars, Ste 1600**<br>**Los Angeles, CA 90067** | - | | **September 2010**<br>**Indemnification, etc.** | | | X | Unknown |
| Account No. **Cinamour**<br><br>**Jan S. Krauss, CPA**<br>**15300 Ventura Boulevard, Suite 210**<br>**Sherman Oaks, CA 91403** | - | | **2009**<br>**Professional Services** | | | | 10,115.00 |

Sheet no. __5__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

13,506.40

B6F (Official Form 6F) (12/07) - Cont.

In re   **Cinamour Entertainment, LLC**                                    ,    Case No. _____
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Cinamour** <br><br> **Joane Sandberg** <br> **PO Box 540702** <br> **North Salt Lake, UT 84054** | - | | **investment in project** | | | | **Unknown** |
| Account No. <br><br> **Kenneth J. Simon** <br> **15-1765 13th Avenue** <br> **Keaau, HI 96749** | - | | **2006** <br> **Invested in From Mexico LLC** | | | | **Unknown** |
| Account No. **xxxxxx3105** <br><br> **Los Angeles Times** <br> **Accounts Receivable** <br> **202 West 1st Street** <br> **Los Angeles, CA 90012** | | | **2009** <br> **Trade debt** | | | | **42.25** |
| Account No. <br><br> **Mark Platzer** <br> **8350 Santa Monica Blvd #100** <br> **West Hollywood, CA 90069** | - | | **8/06** <br> **Services** | | | | **6,280.00** |
| Account No. **CIN** <br><br> **Media Courier** <br> **5733 Arbor Vitae Street Ste 100** <br> **Los Angeles, CA 90045** | - | | **Services** | | | | **Unknown** |

Sheet no. __6__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    **6,322.25**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Cinamour Entertainment, LLC**                                    ,        Case No. _____
                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxxxxx xxxxmour** | | | | Services | | | | |
| Nielsen Business Media 770 Broadway New York, NY 10003 | - | | | | | | | |
| | | | | | | | | Unknown |
| Account No. **xx0015** | | | | February 2010 Lease payments due | | | | |
| Pacific Title Archives 10717 Vanowen Street North Hollywood, CA 91605 | - | | | | | | | |
| | | | | | | | | 2,424.02 |
| Account No. **cinamour** | | | | 2009 Lease payments due and end balance | | | | |
| RCI Wholesale Copier 10806 Willow Court Suite A San Diego, CA 92127 | - | | | | | | | |
| | | | | | | | | Unknown |
| Account No. **Pascucci v. Roadside** | | | | November 2010 Indemnification | | | | |
| Roadside Attractions, LLC c/o Bryan M. Sullivan, Esq. 6420 Wilshire Blvd Ste 880 Los Angeles, CA 90048 | - | | | | | | X | |
| | | | | | | | | Unknown |
| Account No. **Cinamour FMWL** | | | | unknown | | | | |
| Rod N. Andreason Kirton & McConkie PO Box 45120 Salt Lake City, UT 84145-0120 | - | | | | | | | |
| | | | | | | | | Unknown |

Sheet no. __7__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,424.02

B6F (Official Form 6F) (12/07) - Cont.

In re  **Cinamour Entertainment, LLC**                              ,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **2306**<br><br>**SMV Complete Media**<br>**1505 11th Street**<br>**Santa Monica, CA 90401** | - | | Services | | | | Unknown |
| Account No. **xxxxxxxx xx xxxx7882**<br><br>**Sprint**<br>**PO Box 660075**<br>**Dallas, TX 75266-0075** | - | | Utility Service | | X | | 545.66 |
| Account No. **xxxxxxxx xxxxxx/024A**<br><br>**STA International, Inc.**<br>**541 North Main Street**<br>**Jasper, GA 30143** | - | | 2009<br>Filmlook | | | | 2,290.00 |
| Account No. **Cinamour**<br><br>**The Way Home Media**<br>**5629 Whitnall Hwy**<br>**North Hollywood, CA 91601** | - | | internet hosting | | | | 1,340.00 |
| Account No. **Cinamour/Under Red Water, etc.**<br><br>**TriCounty Insurance**<br>**8399 Topanga Canyon Blvd #301**<br>**Canoga Park, CA 91304** | - | | Insurance | | | | Unknown |

Sheet no. __8___ of __9___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

4,175.66

B6F (Official Form 6F) (12/07) - Cont.

In re  **Cinamour Entertainment, LLC** ,    Case No. _____
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxx xxxxxxx xxxd #550** | | | | lease payments due on premises | | | | |
| **Woodrise-Encino c/o M. David Paul & Associates 233 Wilshire Boulevard, Suite 990 Santa Monica, CA 90401** | - | | | | | | | **Unknown** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

| Sheet no. **9** of **9** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | Subtotal (Total of this page) | **0.00** |
|---|---|---|---|
| | | Total (Report on Summary of Schedules) | **79,144.50** |

B6G (Official Form 6G) (12/07)

.

In re    **Cinamour Entertainment, LLC**                                    ,    Case No. _____
                                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| ? | **There are potentially hundreds of executory contracts. However, the FBI confiscated almost all of Cinamour's records (and hopelessly scattered the rest).** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Cinamour Entertainment, LLC**                                    ,    Case No. _____
                                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **?**<br>**There are potentially numerous co-debtors who co-signed, guaranteed, or were joint venturers or partners on numerous transactions. The FBI confiscated most of Cinamour's documents (and hopelessly scattered the rest) making it impossible to identify these parties.** | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

# United States Bankruptcy Court
## Central District of California

In re   **Cinamour Entertainment, LLC**

Debtor(s)

Case No.

Chapter    **7**

# BUSINESS INCOME AND EXPENSES

__FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS__  (NOTE: __ONLY INCLUDE__ information directly related to the business operation.)

**PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:**

| | | |
|---|---|---:|
| 1. Gross Income For 12 Months Prior to Filing: | $ | 0.00 |

**PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:**

| | | |
|---|---|---:|
| 2. Gross Monthly Income | $ | 0.00 |

**PART C - ESTIMATED FUTURE MONTHLY EXPENSES:**

| | | |
|---|---|---:|
| 3. Net Employee Payroll (Other Than Debtor) | $ | 0.00 |
| 4. Payroll Taxes | | 0.00 |
| 5. Unemployment Taxes | | 0.00 |
| 6. Worker's Compensation | | 0.00 |
| 7. Other Taxes | | 0.00 |
| 8. Inventory Purchases (Including raw materials) | | 0.00 |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | | 0.00 |
| 10. Rent (Other than debtor's principal residence) | | 0.00 |
| 11. Utilities | | 0.00 |
| 12. Office Expenses and Supplies | | 0.00 |
| 13. Repairs and Maintenance | | 0.00 |
| 14. Vehicle Expenses | | 0.00 |
| 15. Travel and Entertainment | | 0.00 |
| 16. Equipment Rental and Leases | | 0.00 |
| 17. Legal/Accounting/Other Professional Fees | | 0.00 |
| 18. Insurance | | 0.00 |
| 19. Employee Benefits (e.g., pension, medical, etc.) | | 0.00 |

20. Payments to Be Made Directly By Debtor to Secured Creditors For Pre-Petition Business Debts (Specify):

DESCRIPTION                                                    TOTAL

21. Other (Specify):

DESCRIPTION                                                    TOTAL

| | | |
|---|---|---:|
| 22. Total Monthly Expenses (Add items 3-21) | $ | 0.00 |

**PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:**

| | | |
|---|---|---:|
| 23. AVERAGE NET MONTHLY INCOME (Subtract item 22 from item 2) | $ | 0.00 |

## NOTE:  DEBTOR HAS HAD NO OPERATIONS SINCE MAY 2009

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

In re __Cinamour Entertainment, LLC__        Case No. _____

                     Debtor(s)        Chapter __7__ _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, the Administrator of Estate of Glen K. Hartford, Managing Member of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __39__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __December 31, 2010__         Signature    __/s/ Cheryl L. Hartford__

                                            **Cheryl L. Hartford**
                                            **Administrator of Estate of Glen K. Hartford, Managing Member**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Central District of California

In re  **Cinamour Entertainment, LLC**

Case No. _____

Debtor(s)

Chapter  **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$0.01** | **2010 YTD: Debtor. No operations in 2010** |
| **$0.01** | **2009: Debtor - All accounting records were seized by FBI.  Neither tax returns nor financial statements can be prepared.  There is no way even to estimate net income.** |
| **$18,913.00** | **2008: Debtor (per K-1)** |

2

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |
| **In re Cinamour Entertainment LLC** | **Cease and Desist** | **Department of Corporations, State of California** | **Stipulation to Cease and Desist signed** |
| **Pascucci v. Cinamour et al; BC 440804** | **indemnification, etc.** | **Los Angeles Superior** | **pending response to cross-complaint** |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
■  preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 5. Repossessions, foreclosures and returns

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
☐  returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| ? | May 2009 | The FBI confiscated most of Cinamour's documentation and hopelessly scattered the rest. This has made it almost impossible to identify what assets might have existed (such as storage units with tangible assets, intangible contract rights (the most likely assets of this organization), bank accounts, etc. |

### 6. Assignments and receiverships

None  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■  this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
☐  preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |
| Doug Price 6700 Bonature Court Bethesda, MD 20817 | None | | Mr. Price appears to have taken for his own use $50,000 due to Cinamour from ABC Family Entertainment. It is unknown how Mr. Price managed to divert these funds to his own use. |

### 7. Gifts

None  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
■  and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

4

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Ireland & Co.** **1710 N. Moorpark Road #161** **Thousand Oaks, CA 91360-5133** | **12/2/2009 and 4/19/2010** | **$4,500 plus $299 filing fee** |

**10. Other transfers**

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

5

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
□

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **16130 Ventura Boulevard Suite 550 Encino, CA** | | **to June 2009** |

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

6

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **From Mexico With Love, LLC** | **20-1180080** | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **FMWL, LLC** | **30-0133869 and 20-1180080** | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Silent Venom** | | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Standoff** | | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Palm Aspen Films 1 LLC** | | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Endangered Species, LLC** | 95-4739268 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Midori Kashi, Inc.** | 91-1932281 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | **aka Midor Kaisha, Inc.** | |
| **29 Minutes Productions, LLC** | 13-4286234 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Guru 2 go Productions, LLC** | 13-4286239 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Samurai Productions, Inc.** | 01-0784104 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Forbidden Samurai, LLC** | 95-4847878 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Under Red Water, LLC** | 26-0650196 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **Ramm Films & Video, Inc.** | 77-0385568 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | | |
| **From Mexico, LLC** | 30-0133869 | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | **(Nevada)** | |
| **Park Place Pictures, Inc.** | | **4607 Lakeview Canyon Road PMB 521 Westlake Village, CA 91361-4028** | **(Delaware)** | |

None ■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                        ADDRESS

8

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None
☐  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Jan S. Krauss, CPA**<br>**15300 Ventura Blvd, Suite 210**<br>**Sherman Oaks, CA 91403** | |

None
■  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
☐  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **David L. Jensen, Esq.**<br>**FBI raided offices and removed many, many boxes of documents and computers. What documents were left were few, scattered and shuffled with documents from related entities. No inventory of removed documents was provided. Mr. Jensen has possessiono of the five or six boxes of documents that remain. Every page of those documents was reviewed by Debtor's bankruptcy counsel to glean all relevant information. Sadly, there is little useful information in those documents.** | **1643 Cromwell Place**<br>**Westlake Village, CA 91361** |

None
■  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

### 20. Inventories

None
■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None
■  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **Estate of Glen Hartford**<br>**4607 Lakeview Canyon Road PMB 521**<br>**Westlake Village, CA 91361-4028** | **sole member of Cinamour Entertainment LLC** | **100%** |

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None ■   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

10

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **December 31, 2010**                Signature   **/s/ Cheryl L. Hartford**

**Cheryl L. Hartford**
**Administrator of Estate of Glen K. Hartford, Managing**
**Member**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)**    1998 USBC, Central District of California

---

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No.: |
|---|---|
| **Cinamour Entertainment, LLC** | |
| Debtor. | **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR** |

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | 4,500.00 |
    | Prior to the filing of this statement I have received | $ | 4,500.00 |
    | Balance Due | $ | 0.00 |

2.  $ __299.00__ of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☐ Debtor    ■ Other (specify):    **Estate of Glen K. Hartford**

4.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Personally consult with and advise you of the various alternatives both with and without bankruptcy and the eligibility, advantages, and disadvantages of each; personally review and analyze documentation of your assets, debts, income, and expenses and explain your respective rights, responsibilities, and exemptions; prepare, personally review with you, and file a voluntary bankruptcy petition and the required schedules, statement of financial affairs, and other documents; and ONLY those other matters explicitly and specifically set forth in the written Bankruptcy Flat Fee Agreement.**

**Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor - (1/88)**   **1998 USBC, Central District of California**

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following services

**Negotiations with secured creditors to reduce liens to market value; preparation and filing of reaffirmation agreements and applications; preparation and filing of motions to avoid liens on household goods or real property (unless specifically agreed upon in writing); research, advice nor representation concerning state or federal tax liabilities (unless specifically agreed upon in writing); representation in any dischargeability actions, judicial lien avoidances, relief from stay actions, any other adversary proceeding, nor appeal of any matter; amendments to any documents (petition, schedules, SoFA, plan, etc.) due to debtor error or oversight; nor representation in 2004 exams**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **December 31, 2010** | **/s/ Michael J. Ireland** |
| *Date* | **Michael J. Ireland 158747** |
| | *Signature of Attorney* |
| | **Ireland & Co.** |
| | *Name of Law Firm* |
| | **1710 N. Moorpark Road #161** |
| | **Thousand Oaks, CA 91360-5133** |
| | **805-402-6957  Fax: 805-299-4578** |

---

| Attorney or Party Name, Address, Telephone & FAX Number, and California State Bar No. | FOR COURT USE ONLY |
|---|---|
| **Michael J. Ireland**<br>**1710 N. Moorpark Road #161**<br>**Thousand Oaks, CA 91360-5133**<br>**805-402-6957 Fax: 805-299-4578**<br>California State Bar No.: **158747**<br><br>*Attorney for Debtor* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Cinamour Entertainment, LLC**<br><br><div align="right">Debtor.</div> | CHANGE ... CHAPTER ___7___<br><br>CASE NUMBER<br><br>(No Hearing Required) |

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.    I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.    On *(specify date)* __December 2009__, I agreed with the Debtor that for a fee of $ _4,500.00_, I would provide only the following services:

    a.    ■    Prepare and file the Petition and Schedules

    b.    ■    Represent the Debtor at the 341(a) Hearing

    c.    ☐    Represent the Debtor in any relief from stay actions

    d.    ☐    Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727

    e.    ☐    Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523

    f.    ☐    Other *(specify)*:<br>             **No other services.**

3.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth in the upper left-hand corner of this page.

Dated:    **December 31, 2010**

**Ireland & Co.**
*Law Firm Name*

I HEREBY APPROVE THE ABOVE:

By:    **/s/ Michael J. Ireland**

**/s/ Cheryl L. Hartford**
*Signature of Debtor*

Name:    **Michael J. Ireland 158747**
*Attorney for Debtor*

*Rev. 1/01* This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California                    **F 2090-1.1**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                    Best Case Bankruptcy

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name      **Michael J. Ireland 158747**

Address    **1710 N. Moorpark Road #161 Thousand Oaks, CA 91360-5133**

Telephone  **805-402-6957 Fax: 805-299-4578**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years: **Cinamour Entertainment, LLC** | Case No.: |
| | Chapter:      **7** |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __9__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:  **December 31, 2010**                    **/s/ Cheryl L. Hartford**
                                               **Cheryl L. Hartford/Administrator of Estate of Glen K. Hartford, Managing Member**
                                               Signer/Title

I, __**Michael J. Ireland 158747**__ , counsel for the petitioner(s) in the above-styled bankruptcy action, declare that the attached Master Address List consisting of __9__ page(s) has been verified by comparison to Schedules D through H to be complete, to the best of my knowledge. I further declare that the attached Master Address List can be relied upon by the Clerk of Court to provide notice to all creditors and parties in interest as related to me by the debtor(s) in the above-styled bankruptcy action until such time as any amendments may be made.

Date:  **December 31, 2010**                    **/s/ Michael J. Ireland**
                                               Signature of Attorney
                                               **Michael J. Ireland 158747**
                                               **Ireland & Co.**
                                               **1710 N. Moorpark Road #161**
                                               **Thousand Oaks, CA 91360-5133**
                                               **805-402-6957   Fax: 805-299-4578**

Cinamour Entertainment, LLC
4607 Lakeview Canyon Road PMB 521
Westlake Village, CA 91361-4028


Michael J. Ireland
Ireland & Co.
1710 N. Moorpark Road #161
Thousand Oaks, CA 91360-5133

?

Absolute Messenger Service
PO Box 4534
West Hills, CA 91308

AFCO
1000 Milwaukee Avenue
Glenview, IL 60025

AireSpring
PO Box 7420
Van Nuys, CA 91409-7420

All Aboard Mini Storage
7400 Coldwater Canyon Avenue
North Hollywood, CA 91605

American Recover Srvs Inc
555 St. Charles Dr. Ste 100
Thousand Oaks, CA 91360

AT&T
PO Box 78230
San Francisco, CA 94107

AT&T Long Distance
PO Box 5020
Des Plaines, IL 60017-5020

AT&T West c/o Alliant Law Group PC
PO Box 468569
Atlanta, GA 31146


Baker & McKenzie
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201


Caine & Weiner
PO Box 5010
Woodland Hills, CA 91365


California Choice
721 South Parker Ste 200
Orange, CA 92868


California EDD - Disability Claim
PO Box 513096
Los Angeles, CA 90051-1096


California Employment Dev. Dept.
PO Box 7293
San Francisco, CA 94120-7293


Canon Business Solutions
300 Commerce Square Blvd
Burlington, NJ 08016


Canon Financial Services, Inc.
14904 Collections Center Drive
Chicago, IL 60693-0149

Collector AmeriCOL, INc.
PO Box 1001
Canyon Country, CA 91386


ColorTrend
15303 Ventura Blvd #150
Sherman Oaks, CA 91403


Connie Hurd
4489 North Wasserman Way
Salina, KS 67401


Cord Douglas
20501 Ventura Blvd Ste 100
Woodland Hills, CA 91364


Database-LA.com
5516 Cantaloupe Ave
Van Nuys, CA 91401


David L. Jensen, Esq.
1643 Cromwell Place
Westlake Village, CA 91361


DDA Public Relations LTD
Attn Stelios Papakalousis
192-198 Vauxhall Bridge Road
London, England SW1V 1DX


Digital Post Services
2044 Cotner Avenue
Los Angeles, CA 90025

Digital Proof Service
712 Seward Street
Los Angeles, CA 90038


Diversified Adjustment Service
600 Coon Rapids Blvd
Minneapolis, MN 55433


Doug Price
6700 Bonature Court
Bethesda, MD 20817


Elsa Ramo, Esq.
315 South Beverly Drive, Suite 508
Beverly Hills, CA 90212


Emap Ltd.
PO Box 64724 Greater London House
Hampstead Road
London NW1 7EJ, UK


Eric Von Doymi
1073 Mansfield AVe
Los Angeles, CA 90019


FedEx
PO Box 7221
Pasadena, CA 91109-7321


Film Look, Inc.
2917 West Olive Avenue
Burbank, CA 91505-4536

Final Print
1952 N. Van Ness Avenue
Los Angeles, CA 90068


Franchise Tax Board
Bankruptcy Unit
PO Box 2952
Sacramento, CA 95812-2952


Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114


Jabal S.R.I.
Via della Balduina
120-00136 Roma, Italy


James & Christel Pascucci
c/o Martin D. Katz, Esq.
1901 Avenue of the Stars, Ste 1600
Los Angeles, CA 90067


Jan S. Krauss, CPA
15300 Ventura Boulevard, Suite 210
Sherman Oaks, CA 91403


Joane Sandberg
PO Box 540702
North Salt Lake, UT 84054


Kenneth J. Simon
15-1765 13th Avenue
Keaau, HI 96749

Los Angeles City Business Tax
PO Box 53200
Los Angeles, CA 90053-0200


Los Angeles City Unsecured Ppty Tax
225 North Hill Street, Room 122
Los Angeles, CA 90012


Los Angeles Times
Accounts Receivable
202 West 1st Street
Los Angeles, CA 90012


Mark Platzer
8350 Santa Monica Blvd #100
West Hollywood, CA 90069


Media Courier
5733 Arbor Vitae Street Ste 100
Los Angeles, CA 90045


NCO Financial Systems Inc.
507 Prudential Road
Horsham, PA 19044


Nielsen Business Media
770 Broadway
New York, NY 10003


Pacific Title Archives
10717 Vanowen Street
North Hollywood, CA 91605

RCI Wholesale Copier
10806 Willow Court Suite A
San Diego, CA 92127


Roadside Attractions, LLC
c/o Bryan M. Sullivan, Esq.
6420 Wilshire Blvd Ste 880
Los Angeles, CA 90048


Rod N. Andreason
Kirton & McConkie
PO Box 45120
Salt Lake City, UT 84145-0120


SMV Complete Media
1505 11th Street
Santa Monica, CA 90401


Sprint
PO Box 660075
Dallas, TX 75266-0075


STA International, Inc.
541 North Main Street
Jasper, GA 30143


STA International, Inc.
541 North Main St
Jasper, GA 30143


The Way Home Media
5629 Whitnall Hwy
North Hollywood, CA 91601

```
TriCounty Insurance
8399 Topanga Canyon Blvd #301
Canoga Park, CA 91304


Woodrise-Encino
c/o M. David Paul & Associates
233 Wilshire Boulevard, Suite 990
Santa Monica, CA 90401
```